[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G) (1).
Appellant Michael R. Nagel was accused of raping his girlfriend's twelve-year-old daughter. Nagel, while living with his girlfriend, had vaginal intercourse with the girl while her mother was at work. The state charged him with two counts of rape in violation of R.C. 2907.02(A) (1) (b). He pleaded guilty to one count and the remaining count was dismissed. The trial court sentenced him to the maximum term of ten years' incarceration.
On appeal, he raises one assignment of error, which challenges the trial court's imposition of the maximum sentence. Nagel contends that the record was insufficient to support the length of his sentence. Even though we doubt whether a separate finding under R.C. 2929.14(B) is necessary when imposing the maximum term on an offender who has not previously been incarcerated,[1] we conclude that the trial court adequately reflected in the record its finding that imposition of the shortest prison term would not protect the public.[2] From our review of the record, including the victim-impact statement and the presentence investigation, we also conclude that there is adequate support for the finding that Nagel had committed the worst form of the offense, based on the consequences to the child and her family. Thus, the trial court's imposition of the maximum prison term was not erroneous.
Accordingly, we overrule Nagel's assignment of error and affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Painter and Shannon, JJ.
Raymond E. Shannon, retired, of the First Appellate District, sitting by assignment.
To the Clerk:
Enter upon the Journal of the Court on November 17, 1999, per order of the Court _______________________________. Presiding Judge
[1] See State v. Jackson (Aug. 20, 1999), Hamilton App. No. C-980512, unreported.
[2] See State v. Edmundson (1999), 86 Ohio St.3d 324, 326,715 N.E.2d 131, 133-134.